UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-4307 DSF (FFMx) | Date | 9/15/15 |
|---|---|---|---|
| Title | Hector Ochoa, et. al v. City of Long Beach, et. al | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Plaintiffs' Motion for Class Certification (Dkt. No. 40) and Plaintiffs' Amended Motion for Class Certification (Dkt. No. 64)

    Named Plaintiffs Hector Ochoa, Cynde Soto, Cathy Shimozono, Ben Rockwell, and Sharon Parker seek to certify a class of "[a]ll person who have mobility disabilities who use or will use the pedestrian rights of way in the City of Long Beach." Pls.' Mot. For Class Certification at 2:11-15. For the purposes of the proposed class, "persons with mobility disabilities" are defined as "those who use wheelchairs, scooters, crutches, walkers, canes, or similar devices to assist their navigation along sidewalks." Id.
    Plaintiffs seek class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure (Rule __). They request injunctive and declaratory relief for the alleged failure of the City of Long Beach (City) to comply with Title II of the Americans with Disabilities Act (ADA) and related statutes requiring public entities to provide sidewalks that are generally accessible to people with mobility disabilities.
    Because Plaintiffs have shown that the requirements of Rule 23 are met, their motion for class certification is granted.

## I. BACKGROUND

    Plaintiffs' Amended Complaint (Compl.) seeks declaratory and injunctive relief under Title II of the ADA, 42 U.S.C. § 12131, et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq.; and Cal. Gov. Code § 11135, et seq. Under the ADA, government entities were required to evaluate and plan accessibility improvements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

in 1992. 28 C.F.R. § 35.150(d)(1) (requiring transition plan for public entities employing 50 or more people). The City completed its plan in 1995, see Lee Decl., Ex. 1, but the plan was limited to curb ramps and did not identify other obstacles limiting accessibility. See 28 C.F.R. § 35.150(d)(3) (requiring that the plan "[i]dentify physical obstacles").

Plaintiffs need wheelchairs or canes to navigate pedestrian walkways, and they claim the City's failure to systematically address uneven sidewalks, missing curb ramps, and pathway obstructions discriminates against all individuals with mobility disabilities. Pls.' Mem. of P. & A. (Pls.' Mem.) (Doc. 64-1) at 1-2. They claim to have documented about 6,000 barriers across the City and that even the City's own records show 70% of the corners identified 20 years ago are missing curb ramps today. Pls.' Mem. at 5:8-15.

Plaintiffs claim these failures are the result of systemic policies and practices including: (1) failing to correctly complete or update the City's transition plan, see Pls.' Mem. at 7:20-23; (2) ending affirmative efforts to install and retrofit curbs, relying instead on citizen complaints to drive repair work, id. at 8:1-12; (3) using a complaint procedure that does not systematically address issues raised by residents, id. at 10:22-11-2; and (4) failing to implement policies requiring disabled-accessible temporary routes when construction obstructs pedestrian paths, id. at 11:6-9. Plaintiffs seek declaratory and injunctive relief against the City to ensure pedestrian paths, on the whole, are accessible to those with mobility disabilities. Compl. at 31. They do not seek monetary damages.

## II. DISCUSSION

### A. Substantive Law

Title II of the ADA prohibits public entities from excluding or denying benefits or public services, including accessible sidewalks, to disabled persons. 42 U.S.C. § 12131(2); 28 C.F.R. § 35.149; see Barden v. City of Sacramento, 292 F.3d 1073, 1074 (9th Cir. 2002) (holding sidewalks are a public service or benefit within the meaning of the ADA). Public entities generally must make reasonable modifications to avoid discrimination on the basis of disability. Pierce v. Cnty. of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008). Vague assertions regarding the cost of some accommodations "cannot be construed as a legitimate basis for failing to comply with the ADA." Id. at 1220.

Public entities must make existing pedestrian ways, viewed in their entirety, readily accessible to those with disabilities and must install or upgrade curb ramps at intersections when street construction is done. 42 U.S.C. § 12132; 29 U.S.C. § 794; 28 C.F.R. §§ 35.150-35.151 (regulating pursuant to ADA); 45 C.F.R. § 84.22(a); 28 C.F.R. § 41.57 (regulating pursuant to the Rehabilitation Act); Cal. Gov't Code § 11135(b) (incorporating ADA into state law). However, public entities are not necessarily required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

to make every existing sidewalk accessible. 28 C.F.R. § 35.150(a). Likewise, they are not required to take actions that would threaten or destroy historic properties or to take steps that would result in an undue financial or administrative burden. Id.

**B.   Class Certification Standard**

Before certifying a class, district courts must perform a "rigorous analysis" to determine whether the requirements of Rule 23 are met. Wal-Mart, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). The party seeking class certification bears the burden of establishing that the elements of numerosity, commonality, typicality, and adequacy of representation are met. Rodriguez v. Hayes, 591 F.3d 1105, 1122 (9th Cir. 2010). If those Rule 23(a) prerequisites are satisfied, plaintiffs must then satisfy one of the three requirements of Rule 23(b). Id.

Plaintiffs seek class certification under Rule 23(b)(2), which may be granted where a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

The City opposes class certification, arguing that Plaintiffs' injuries are not typical of the class and that Plaintiffs are inadequate representatives because they do not seek monetary damages. The City appears to concede that the other requirements of Rule 23 are met. The Court agrees and therefore need not address them.

**1.   Typicality**

The class representatives' claims or defenses must be "typical of the claims or defenses of the class." Rule 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of other class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). The inquiry is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon, 976 F.2d at 508 (internal quotation marks omitted); Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001) (explaining that in discrimination cases, plaintiffs need only show injuries are the result of the "same, injurious course of conduct"). In practice, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge," and both serve to determine whether certifying the class would be "economical" and whether absent class members'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

interests would be protected. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n.13 (1982); Armstrong, 275 F.3d at 868-869.

The City argues Plaintiffs' injuries are not typical of the class because they "focus on their own experiences with public rights of way" and "thus place their own interests above the interests of the unnamed members of the class" whose routes differ. Def.'s Opp. (Doc. 87) at 1:14-19. The argument fails. Plaintiffs cite specific obstacles as examples of how the City's policies harm disabled residents; the examples are not requests for repairs. See Rockwell Decl. (Doc. 47), ¶ 9 ("I have encountered and continue to encounter multiple barriers along pedestrian rights of way throughout the City of Long Beach. The obstacles described below are examples of the many such barriers that I have experienced."); see also Shimozono Decl. (Doc. 49), ¶ 7; Soto Decl. (Doc. 50), ¶ 4; Ochoa Decl. (Doc. 55), ¶ 4; Parker Decl. (Doc. 59), ¶ 7. Moreover, the obstacles cited by Plaintiffs are mirrored by evidence from other class members. For example, Rockwell's allegations regarding the City's failure to address numerous complaints is echoed by other class members. See Lynch Decl. (Doc. 48), ¶¶ 14-15 (discussing complaints that have not been addressed); see also Lee Decl., Ex. 10 (Complaint Database, Doc. 41-11) at COLB6679 (showing complaint regarding curb made on December 13, 2010, is listed as "pending funding"). Similarly, Ochoa's complaint that sidewalk obstacles forced him to use his wheelchair in the street is shared by other class members. See, e.g., Devylder Decl., ¶ 4 (recounting being forced "to ride on the highly trafficked streets").

The City also argues Plaintiffs are not typical of the class because they seek declaratory relief rather than monetary damages, and "unnamed members of the putative class may claim to have suffered actual damages." Def.'s Opp. at 6:18-21. Again, the argument is unavailing. There is no evidence that class members would prefer monetary damages to equitable relief. In any event, the certification of a Rule 23(b)(2) class does not preclude individuals from seeking other remedies. "[T]he general rule is that a class action suit seeking only declaratory or injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events." Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996); see also Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 880 (1984) (holding prior class action did not bar individual discrimination claims). Plaintiffs' claims here are typical of other mobility-impaired residents and visitors.

### 2. Adequate Representation

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." In evaluating the adequacy of representation, courts must resolve two questions: "(1) do the named plaintiffs and their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. The adequate representative requirement depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood the suit is collusive." Rodriguez, 591 F.3d at 1125 (internal quotations omitted).

Like the rest of the class, Plaintiffs have disabilities requiring the use of a wheelchair or other assistive device. See Ochoa Decl., ¶ 3; Soto Decl., ¶ 3; Shimozono Decl., ¶ 2; Rockwell Decl., ¶ 2; Parker Decl., ¶ 2. They complain of difficulty navigating the City because of intersections with no curb ramps (see, e.g., Rockwell Decl., ¶ 6 and Ochoa Decl., ¶ 14), sidewalk obstructions (see, e.g., Parker Decl., ¶ 5 and Soto Decl., ¶ 5-6), and the failure of the City to respond to complaints about such obstructions (see, e.g., Rockwell Decl., ¶ 39 and Shimozono Decl., ¶ 29-30). Plaintiffs' goal is to increase access for people with mobility disabilities, and they understand their duty is to represent the whole class. See Ochoa Decl., ¶¶ 17-18; Soto Decl., ¶¶ 27-28; Shimozono Decl., ¶ 31; Rockwell Decl., ¶ 40; Parker Decl., ¶ 25-26. The City argues individual intersections and other deficiencies cited by Plaintiffs put them in conflict with the rest of the class because "if the City undertakes an effort to resolve the named plaintiffs' specific grievances, it will have fewer resources available for the benefit of the greater community as a whole." Def.'s Opp. at 9:2-5. Plaintiffs do not seek repair of these specific alleged deficiencies, however. They have asked for changes to City policies and practices.

The City, citing Richards v. Jefferson Cnty., Ala., 517 U.S. 793 (1996), also argues the Plaintiffs are inadequate representatives because they "are not committed to pursuing the actual damages that some members of the putative class may have suffered by a claimed violation of the ADA or California Government Code § 11135." Def.'s Opp. at 10:1-24. Richards, which addresses collateral estoppel and not class representative adequacy, does not support the City's position. See id. at 796-797, 801. A class action seeking only declaratory or injunctive relief does not bar subsequent damages claims, Hiser, 94 F.3d at 1291, so there is no conflict.[1] Plaintiffs are adequate representatives.

The City has not challenged the adequacy of counsel here, but the Court must make an independent review of counsel's qualifications under Rule 23(g). See Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157, 1168 (9th Cir. 2013) (reversing, in part, because the district court failed to fully consider class counsel adequacy). Rule 23(g)

---

[1] Individualized damages - such as the City suggests may be possible here - cannot be sought under subsection (b). See Dukes, 131 S. Ct. at 2557; see also Hiser, 94 F.3d at 1292 (noting that forcing all class members to join individual damages claims would make class actions unmanageable).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

requires the Court to consider: (1) the work done identifying or investigating claims; (2) counsel's experience in handling complex matters; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Each of the three firms seeking to be appointed class counsel have substantial experience representing disabled individuals. See Dardarian Decl. (Doc. 68), ¶ 5-7; Diaz Decl. (Doc. 69), ¶ 4-5; Seaborn Decl. (Doc. 70), ¶ 4-5. Counsel did a significant amount of work identifying and investigating claims, including hiring an accessibility consultant to train law students to catalogue barriers across the City. Margen Decl. (Doc. 71), ¶ 33. It appears Plaintiffs' counsel will adequately represent the interests of the class.

The Court cautions counsel to read this Court's requirements concerning applications for attorneys' fees on the Court's website. The Court also urges counsel to avoid duplication resulting from the presence of three firms. The Court will not compensate duplicative billing.

**C.    Rule 23(b)(2)**

Class certification is appropriate where declaratory or injunctive relief should be granted because the defendant "has acted or refused to act on grounds that apply generally to the class." Rule 23(b)(2). A class certified under Rule 23(b)(2) has "the most traditional justification[] for class treatment": the relief sought affects the entire class at once. Dukes, 131 S.Ct. at 2559. Class actions are "uniquely appropriate" for civil rights cases, "which generally involve an allegation of discrimination against a group as well as the violation of rights of particular individuals." Parsons v. Ryan, 754 F.3d 657, 686 (9th Cir. 2014) (citing Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1776 (3d ed.). "The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." Rodriguez, 591 F.3d at 1125; Walters v. Reno, 145 F.3d 1032, 1047 (9th Cir. 1998) ("It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole.").

Plaintiffs must have standing, however. Class representatives "must have personally sustained or be in immediate danger of sustaining 'some direct injury as a result of the challenged statute or official conduct'" and must face a realistic threat of repetition of the violation. Armstrong, 275 F.3d at 860-861. The threat of repetition can be shown where harm is directly traceable to a written policy and "there is an implicit likelihood of repetition in the immediate future." Id. at 861. Alternatively, it can be shown where the plaintiff's federal rights are violated as part of a pattern of officially sanctioned behavior. Id.

Plaintiffs and other class members claim direct injuries from City policies that allegedly violate federal and state disability discrimination laws. Soto, for example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

alleges jostling on uneven sidewalks can leave her stranded by moving her head away from the controls of her electric wheelchair.  Soto Decl., ¶ 5.  Ochoa complains of being forced to re-route onto more circuitous paths to avoid intersections without curb ramps.  Ochoa Decl., ¶ 13.  These travel delays and other injuries are allegedly the result of the City's failure to implement ADA-compliant policies.  Compl., ¶ 10.  Because Plaintiffs live or work in the City, they claim such injuries will occur repeatedly.  See, e.g., Soto Decl., ¶ 4 (explaining she plans to continue living, working, and volunteering in the City and will encounter sidewalk barriers again).  Plaintiffs have standing to assert claims under Rule 23(b)(2).  Declaratory or injunctive relief regarding City policies and practices would affect the entire class by potentially dictating systematic changes to the City's accessibility policies.

## III. CONCLUSION

Plaintiffs' Motion for Class Certification pursuant to Rule 23(b)(2) is GRANTED.  The Court appoints Hector Ochoa, Cynde Soto, Cathy Shimozono, Ben Rockwell, and Sharon Parker as representatives for the class of all persons with mobility disabilities who use or will use the pedestrian rights of way in the City of Long Beach.  The Court, having considered the requirements of Rule 23(g), appoints Disability Rights Advocates, Disability Rights Legal Center, and Goldstein, Borgen, Dardarian & Ho as class counsel.

IT IS SO ORDERED.