1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OCHOA, CYNDE SOTO, CATHY SHIMOZONO, BEN ROCKWELL, and SHARON PARKER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LONG BEACH, a public entity; and BOB FOSTER, in his official capacity as Mayor,<br><br>Defendants. | Case No.  14-cv-04307-DSF (FFMx)<br><br>ORDER (1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT; (2) GRANTING CERTIFICATION OF SETTLEMENT CLASS; (3) DIRECTING NOTICE TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING |

The Parties have applied to the Court for an order preliminarily approving the settlement of this action in accord with the Settlement Agreement (Settlement Agreement), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Settlement Agreement throughout its term. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

670535.1

THEREFORE, THE COURT FINDS AND ORDERS:

1.     On September 15, 2015, this Court granted Plaintiffs' Motion for Class Certification, certifying a class for declaratory and injunctive relief.  Nothing in the class definition set forth in the Settlement Agreement has materially changed the certified class in any significant way that would impact the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b)(2) requirements. The Court finds, for purposes of settlement only, and conditioned on the entry of this Order and the Final Judgment and Order Approving Settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) the City acted or refused to act on grounds that apply to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court certifies the proposed settlement class pursuant to Federal Rules of Civil Procedure 23(b)(2), and appoints named Plaintiffs and their counsel as representatives of the Settlement Class.

2.     The Court preliminarily approves the Settlement Agreement. The Court finds on a preliminary basis that the Settlement Agreement is fair, adequate and reasonable to all potential Class Members. It further appears that extensive evaluation of the merits has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as

well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Agreement. It further appears that the Agreement has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations, including several mediation sessions supervised by the Honorable Raul A. Ramirez (Ret.), of ADR Services, and the Honorable Margaret A. Nagle (Ret.), of JAMS.

3.      The Court approves, as to form and content, the proposed Notice, attached as Exhibit A to the Agreement. The Court finds that the distribution of the Notice in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Parties shall submit declarations to the Court as part of their Motion for Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Agreement.

4.      A hearing on final approval of the Agreement shall be held before the Court on a date to be set by the Court to determine all necessary matters concerning the Agreement, including whether the proposed Settlement Agreement's terms and conditions are fair, adequate, and reasonable, and whether the Settlement Agreement should receive final approval by the Court, as well as to rule on Class Counsel's motion requesting an award of reasonable attorneys' fees, costs and expenses.

Objections by Class Members must be submitted to Class Counsel no later than forty-five (45) calendar days after notice by newspaper publication has begun. Any Settlement Class Member may object to any aspect of the proposed Settlement Agreement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Settlement Agreement may serve on Class Counsel a written statement of objection no later than forty-five (45) calendar days after notice by newspaper publication has

begun (the "Objection Deadline"). Such statement should include: (a) the name, address, and, if available, telephone number and e-mail address of the Class Member objecting and, if represented by counsel, of his or her counsel; (b) a statement of the Class Member's objections; and (c) a statement of his or her membership in the Settlement Class.

5. Any Class Member who wishes to object to the proposed Settlement Agreement may also present objections at the Fairness Hearing.

6. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

7. Class Counsel shall provide copies of any objections to Defendant's counsel within two (2) court days of receipt. Class Counsel shall also file any objections with the Court no less than ten (10) days before the Fairness Hearing.

8. Pending the Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.  Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement Agreement until the date of the Fairness Hearing.

9. In accordance with the above, the Court adopts the following schedule:

    a. Within ten (10) days after entry of the Order Granting Preliminary Approval, Notice in the form of Exhibit B to the Settlement Agreement (as revised) shall be mailed via U.S. mail and/or email to all organizations identified on Exhibit C to the Settlement Agreement.

    b. Within twenty (20) days after entry of the Order Granting Preliminary Approval, Notice in the form of Exhibit B to the

Settlement Agreement (as revised) shall be posted on a case-specific website established by Class Counsel, and the City of Long Beach's official website, and shall remain posted for four (4) consecutive weeks.

    c.    Within thirty (30) days after entry of the Order Granting Preliminary Approval, Notice in the form of Exhibit B to the proposed Settlement Agreement (as revised) shall be published in the *Long Beach Press-Telegram*, the *Long Beach Post*, and the *Los Angeles Times* in English, *La Opinion* in Spanish, and the *Khmer Post* in Khmer, for four (4) consecutive weeks.

    d.    Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses, and to participate at the Fairness Hearing. Any Class Member seeking to object to the proposed Settlement may submit an objection to Class Counsel in writing, via regular or electronic mail, or by leaving a message with their objection via telephone, TTY and/or Video Relay Service on any toll free number established by Class Counsel, or may appear at the Fairness Hearing to make the objection, as set forth hereinabove.

    e.    Fourteen (14) days prior to the objection deadline, Plaintiffs shall file a Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses. The hearing on that Motion shall be concurrent with the Fairness Hearing.

    f.    The Parties shall file a Joint Motion for Final Approval and respond to objections, if any, no later than five (5) days prior to the Fairness Hearing.  All parties shall file statements of compliance with notice requirements.

g.    The Fairness hearing shall be held on July 24, 2017 at 1:30 p.m. in Courtroom 7D, of the above-referenced Court.

10.    In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the Settlement Agreement and all orders and findings entered in connection with the Settlement Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against the City of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

**IT IS SO ORDERED.**

Dated: 4/10/17

_____
HON. DALE S. FISCHER
United States District Judge